**In re Franklin Richard KEPPLER a/k/a Richard Keppler, Debtor.**

**Thomas McDERMOTT, Plaintiff,**

**v.**

**Franklin Richard KEPPLER a/k/a Richard Keppler, Defendant.**

**Bankruptcy No. 92 B 21788.**
**No. 92 ADV. 5463.**

United States Bankruptcy Court, S.D. New York.

March 23, 1993.

---

**418**

Nicholas J. Accurso, Hartsdale, NY, for debtor.

O'Dwyer & Burnstien, New York City, for plaintiff.

## DECISION ON MOTION TO DISMISS COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, Franklin Richard Keppler, the defendant in this adversary proceeding, has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint filed by the plaintiff, Thomas McDermott, in which he objects to the dischargeability of his debt pursuant to 11 U.S.C. § 523(a)(6). The plaintiff's debt arises from injuries he sustained as a result of the debtor's conduct. The debtor seeks a dismissal of the complaint on the ground that it fails to state a cause of action upon which relief can be granted. In support of his motion, the debtor argues that the complaint does not allege that his acts were willful and malicious as required by 11 U.S.C. § 523(a)(6). Rather, the debtor asserts that the complaint alleges that he acted negligently. Negligent conduct, the debtor argues, does not bar a discharge under 11 U.S.C. § 523(a)(6). The plaintiff resists the debtor's motion and argues that his complaint sets forth a valid cause of action under 11 U.S.C. § 523(a)(6). The plaintiff asserts that in his complaint, he alleges that the debtor deliberately engaged in conduct which caused his injuries.

## FACTUAL BACKGROUND

The debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on September 11, 1992. The plaintiff is a judgment creditor in this case. His claim arises out of a personal injury action which he brought against the debtor before the filing of the bankruptcy petition.

The plaintiff alleges that on June 11, 1988, he sustained serious personal injuries while he was exercising at Premier Body Building ("Premier"), a health club purportedly owned and managed by the debtor. Thereafter, on April 27, 1990, the plaintiff commenced an action against the debtor and Premier in the Supreme Court of the State of New York, Rockland County. A verified complaint was submitted to the state court on February 22, 1990. The state court complaint alleges that the debtor was:

negligent and careless in knowingly allowing and permitting the rowing machine which fell on plaintiff at [Premier], to be and remain unfastened, unbolted and unsecured to the floor; in negligently and carelessly causing and permitting said rowing machine to be and remain in said unfastened unsecured and unbolted condition for an unreasonable length of time, resulting in a hazard to the public and in particular to the plaintiff herein; in negligently and carelessly permitting the use of said equipment by its invitees, licensees and guests to create such a hazardous condition to exist and in unreasonably and improperly not taking affirmative action to exercise a duty of care to remedy same by removing such hazardous condition, thereby creating a danger to the plaintiff and others;

*Verified Complaint*, at ¶ 16. The complaint states that the injuries to the plaintiff were "caused solely and wholly as a

result of the negligence" of the debtor and Premier. The plaintiff did not allege that the debtor willfully or maliciously caused his injuries.

The state court entered a default judgment against Premier on September 6, 1990 and against the debtor on December 10, 1991. Following an inquest on damages held on June 26, 1992, a judgment in the sum of $89,351.00 was entered against the debtor. Subsequently, the debtor filed this Chapter 7 petition. Thereafter, the plaintiff filed the instant adversary proceeding objecting to the dischargeability of his claim pursuant to 11 U.S.C. § 523(a)(6).

In the complaint, the plaintiff sets forth the relevant facts relating to the state court judgment. The complaint states that the state court action was based upon the debtor's negligent conduct. In addition, the plaintiff asserts the following allegation:

> The actions and/or omissions of defendant Keppler which gave rise to the serious physical injuries sustained by the plaintiff on June 11, 1988 as alleged in the verified complaint dated February 22, 1990 were the result of the willful, malicious and reckless acts and conduct of the defendant Keppler and thus, the underlying debt owed by debtor Keppler is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523.

Complaint, at ¶ 21.

The debtor has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b). In support of his motion, the debtor argues that the complaint fails to state a cause of action under 11 U.S.C. § 523(a)(6). In order for a debt to be nondischargeable under 11 U.S.C. § 523(a)(6), the debtor argues that it must arise from an act which is willful and malicious rather than from negligent conduct. The debtor asserts that the plaintiff's objection to his discharge is based upon his purported negligence. Therefore, the debtor contends that the plaintiff's debt is dischargeable.

The plaintiff opposes the debtor's motion and argues that his complaint sets forth a valid cause of action pursuant 11 U.S.C. § 523(a)(6). The plaintiff argues that under the statute, a claim that arises from a deliberate act which produces harm is nondischargeable. The plaintiff contends that the complaint asserts that his injuries were caused by the debtor's deliberate conduct. Accordingly, the plaintiff argues that his debt is nondischargeable under 11 U.S.C. § 523(a)(6).

## DISCUSSION

■■■■ Under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a defendant may move to dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted. In determining a motion under Rule 12(b)(6), a court may not consider any material other than the pleadings. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *JM Mechanical Corp. v. United States,* 716 F.2d 190, 197 (3d Cir.1983); *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). The court must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The moving party has the burden of proving that no claim is stated. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980); *In re Brandt–Airflex Corp.,* 69 B.R. 701, 708 (Bankr. E.D.N.Y.1987). The court should deny a motion under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■■■■ In the instant case, the debtor's motion to dismiss the complaint under Rule 12(b)(6) is granted. The allegation set forth in the complaint does not assert a legally sufficient claim for relief under 11 U.S.C. § 523(a)(6). Pursuant to 11 U.S.C. § 523(a)(6), an individual debtor will not be discharged from any debt that is the result of willful and malicious injury. The term "willful," as expressed in the statute, is synonymous with intentional. *In re Over-*

**420**

*myer,* 52 B.R. 111, 120 (Bankr.S.D.N.Y. 1985). The statute requires not only intentional conduct on the part of the debtor, but also intentional or deliberate injury. *Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek),* 983 F.2d 1524, 1527 (10th Cir.1993); *In re Pineau,* 149 B.R. 239, 243 (D.Me.1993). A "willful and malicious injury," for nondischargeability purposes, cannot be established by showing recklessness or negligence. *Lee v. Ikner (In re Ikner),* 883 F.2d 986, 990 (11th Cir. 1989); *In re Chavez,* 140 B.R. 413, 421 (Bankr.W.D.Tex.1992); *In re Jaquis,* 131 B.R. 1004, 1009 (Bankr.M.D.Fla.1991); *In re Martin,* 130 B.R. 930, 946 (Bank.N.D.Ill. 1991); *In re Zalowski,* 107 B.R. 431, 433 (Bankr.D.Mass.1989).

Plaintiff, in his complaint objecting to the dischargeability of his debt, does not specifically allege that the debtor intended to injure him. Rather, the plaintiff seeks relief based upon the debtor's purported negligence. Accordingly, because the plaintiff's claim is not based upon the debtor's intentional conduct, his debt is not excepted from his discharge under 11 U.S.C. § 523(a)(6).

CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The debtor's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b) is granted because the complaint fails to set forth a legally sufficient cause of action under 11 U.S.C. § 523(a)(6).