**In re Barbara JENNINGS a/k/a Barbara Ashe, Debtor.**

**Helen L. WELLS, Plaintiff,**

v.

**Barbara JENNINGS a/k/a Barbara Ashe, Defendant.**

**Bankruptcy No. 194–16619–353.
Adv. No. 194–1455–353.**

United States Bankruptcy Court,
E.D. New York.

Oct. 24, 1995.

Helen L. Wells, Brooklyn, New York, pro se.

Paul A. Koeningsberg, P.C. (Seth A. Farber, of counsel), Brooklyn, New York, for defendant.

## DECISION ON MOTION TO DISMISS

JEROME FELLER, Bankruptcy Judge.

Barbara Jennings a/k/a Barbara Ashe ("Debtor" or "Defendant") has moved under Fed.R.Civ.P. 12(b)(6), made applicable hereto by Fed.R.Bankr.P. 7012, to dismiss an undated amended complaint filed by Helen L.

Wells ("Plaintiff"), an attorney who is representing herself in this lawsuit. The amended complaint contains two causes of action. The first cause of action requests a judgment excepting the dischargeability of the debt owed to Plaintiff by the Debtor pursuant to 11 U.S.C. § 523(a)(6). The second cause of action seeks a judgment denying the Debtor a general discharge of her debts pursuant to 11 U.S.C. § 727(a)(2) and § 727(a)(4).

Upon review of the amended complaint, Defendant's dismissal motion, an affirmation in opposition to dismissal filed by Plaintiff, a reply affirmation filed by Defendant in support of her dismissal motion, the bankruptcy case file and applicable law, we conclude that the amended complaint fails to state a claim upon which relief can be granted. For the reasons hereinafter set forth, the first cause of action alleges negligent or reckless conduct and not willful and malicious injury to property within the meaning of 11 U.S.C. § 523(a)(6) and the second cause of action is time barred. Accordingly, Defendant's motion to dismiss is granted and Plaintiff's amended complaint is dismissed.

## I.

This adversary proceeding has its origin in a fire which occurred in August 1986 and damaged property of the Plaintiff. Plaintiff owned certain real property known as 211 Macon Street located in Brooklyn, New York. Defendant owned neighboring real property known as 213 Macon Street. The properties were attached by way of sharing a party wall. According to Plaintiff, the fire and resultant damage to her property was caused by Defendant's improper supervision, maintenance and care of the adjoining 213 Macon Street property.

Plaintiff sued Debtor in New York City Civil Court, Kings County, in a lawsuit styled *Helen L. Wells v. Barbara J. Ashe a/k/a Barbara Jean Ashe Jennings* and bearing Index # 54567/89. On April 9, 1991, a default judgment was entered against the Debtor, in the amount of $25,000, plus interest and costs. On motion of Debtor, the default judgment was vacated. After a bench trial of sorts, the civil court issued an opinion on October 20, 1993, again determining that Plaintiff is entitled to $25,000 in damages, plus interest and costs. In its opinion the civil court found that:

> Unnecessarily dangerous and unsafe conditions existed on [Debtor's] property. Those conditions existed for a long enough time prior to August 2, 1986, so that [Debtor] had constructive notice. [Debtor] was negligent in not trying to deal with the dangerous conditions, e.g. squatters, drug abusers, property strewn about, etc. Her negligence may not have been the cause of the fire, but it was the cause of the serious damage caused by the fire.

Plaintiff obtained a garnishment of Debtor's wages and thereby collected $6,826.27 of her judgment. The Debtor filed a Chapter 7 petition on August 12, 1994 in this court, scheduling Plaintiff as her largest creditor.[1]

The date for the meeting of creditors under 11 U.S.C. § 341(a) in the Debtor's Chapter 7 case was fixed for October 4, 1994. The deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of certain types of debts was established for December 5, 1994. Plaintiff filed a timely complaint on December 2, 1994, asserting that the debt represented by the civil court judgment should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). At pretrial conferences in January and March, 1995, it was pointed out to Plaintiff that the complaint was problematic in that it seems to confuse negligence with the standard required for nondischargeability under 11 U.S.C. § 523(a)(6).[2] On April 18, 1994, Plaintiff filed an amended complaint to which the Debtor responded with the filing of the instant motion to dismiss under Fed.R.Civ.P. 12(b)(6).

## II.

Unlike the original complaint, the amended complaint contains two cause of action. The

---

1. Plaintiff filed a proof of claim as an unsecured, nonpriority claim, inclusive of interest and costs, in the amount of $42,102.

2. Various erroneous statutory references, as well as spelling and/or typographical errors were also brought to the attention of Plaintiff.

first cause of action attempts to reformulate the singular cause of action contained in the original complaint, i.e., a count purporting to allege an exception to discharge under 11 U.S.C. § 523(a)(6). In her amended complaint, Plaintiff charges that the injury to her property was "willful and malicious" and that Debtor "intentionally and deliberately ignored a dangerous and threatening situation which she knew or should have known existed on her property." (Amended Compl. ¶¶ 23, 24). As for the factual underpinning of the first cause of action Plaintiff alleges, in relevant part, the following:

1) the existence of dangerous and deteriorated conditions on the Debtor's property such as "drug activity, garbage strewn over the premises, barrels of urine in the front yard, vagrants, homeless people and drug addicts and traffickers at the premises all times of the day and night" (Amended Compl. ¶ 10);

2) the debtor knew or should have known of the above conditions;

3) the debtor failed ameliorate the conditions of her property; and

4) "[a]s a direct result of the terrible condition of the premises and the persons who were allowed to occupy and visit the Debtor's premises", the fire occurred which caused damage to plaintiff's adjacent property (Amended Compl. ¶ 23).

The second cause of action is new. Plaintiff alleges that Debtor's schedules, statement of financial affairs and testimony given at the Section 341 meeting of creditors were false. Based upon the alleged false statements, false oaths and concealment of assets, Plaintiff asserts that the Debtor should be denied a discharge of all her debts pursuant to 11 U.S.C. § 727(a)(2) and § 727(a)(4).

### III.

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure to state a claim upon which relief can be granted". The task of a federal court on a motion to dismiss is to determine the legal sufficiency of a complaint and not to assay the factual basis of a claim for relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gib-* *son*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980). In appraising the sufficiency of a complaint on a motion to dismiss, the complaint is to be given a receptive construction such that all material allegations are considered true and all reasonable inferences are to be drawn in favor of the Plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Rauch v. RCA Corp.*, 861 F.2d 29, 30 (2d Cir.1988). The court should deny a motion under Fed.R.Civ.P. 12(b)(6), unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–102. In sum, dismissal is proper only when the plaintiff would not be entitled to any type of relief, even if it were to prevail on the merits of its factual contentions. *Dopico v. Goldschmidt*, 687 F.2d 644, 649 (2d Cir.1982); *Wedtech Corp. v. Nofziger (In re Wedtech Corp.)*, 88 B.R. 619, 622 (Bankr. S.D.N.Y.1988).

### IV.

11 U.S.C. § 523(a)(6) excepts from discharge in bankruptcy any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Broadly stated, the "willful" and "malicious" standard for nondischargeability requires the intentional or deliberate doing of an act that necessarily leads to injury. *See, e.g., Conte v. Gautam (In re Conte)*, 33 F.3d 303, 305 (3rd Cir.1994) ("An injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result."). Mere negligence, even if gross or reckless, will not support an exception under 11 U.S.C. § 523(a)(6). *See Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 989 (11th Cir.1989); *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986); *Farmers Ins. Group v. Compos (In re Compos)*, 768 F.2d 1155, 1157–59 (10th Cir.1985); *Kelt v. Quezada (In re Quezada)*, 718 F.2d 121, 122–23 (5th Cir.1983); 3 Lawrence P. King, *Collier on Bankruptcy*

¶ 523.16[1] at 131–32 (15th ed. 1994); H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 79 (1978); U.S.Code Cong. & Admin.News 1978, p. 5787. (Both the House and Senate Reports stress that a 'reckless disregard' of duty standard is not the test for nondischargeability under § 523(a)(6).).

Assuming, as we must on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), that Plaintiff's allegations are true, and drawing all reasonable inferences in favor of the Plaintiff, the amended complaint's first cause of action is one ringing in negligence. As such, the first cause of action fails to state a claim upon which relief can be granted. *See McDermott v. Keppler (In re Keppler)*, 152 B.R. 417 (Bankr.S.D.N.Y.1993).

Minimally, the standard of willful and malicious injury under 11 U.S.C. § 523(a)(6) requires that a plaintiff allege and prove an intentional and deliberate act resulting in injury to person or property. The amended complaint alleges no affirmative act; it alleges no intention to injure property of Plaintiff. The amended complaint alleges, albeit in stark terms, that Defendant was negligent in the care and maintenance of her property. Parroting statutory language and requirements such as "willful and malicious" or "intentionally and deliberately", without more, cannot magically transmute negligent conduct into a cognizable cause of action under 11 U.S.C. § 523(a)(6). Plaintiff appears to harbor the erroneous proposition that a claim sounding in negligence, which negligence may be judicially considered deplorable, *ipso facto* gives rise to an exception to discharge under 11 U.S.C. § 523(a)(6).

## V.

■ Federal Bankruptcy Rules contain a strict time limitation for the filing of objections to the discharge of a Chapter 7 debtor under 11 U.S.C. § 727(a). Under Fed.R.Bankr.P. 4004(a), a complaint objecting to discharge must be filed not later than 60 days following the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Fed.R.Bankr.P. 4004(b) permits extension of this time period by the bankruptcy court "for cause", but only if the motion is made before expiration of the 60 day time period identified in Fed.R.Bankr.P. 4004(a).

Apparently recognizing the vulnerability of her 11 U.S.C. § 523(a)(6) cause of action to dismissal, Plaintiff's amended complaint introduces an entirely new cause of action objecting to discharge pursuant to 11 U.S.C. § 727(a)(2) and § 727(a)(4). The amended complaint was filed on April 18, 1995. The deadline for the filing of objections to discharge under Fed.R.Bankr.P. 4004(a) was December 5, 1994, approximately 4½ months earlier. No motion was ever filed by Plaintiff seeking an extension of time of time to file objections to discharge. Accordingly, the amended complaint's second cause of action praying for denial of the Debtor's discharge was untimely and must be dismissed.

## VI.

Based on all to the foregoing, Defendant's motion under Fed.R.Civ.P. 12(b)(6) is granted and Plaintiff's amended complaint is dismissed.

## AN ORDER CONSISTENT WITH THIS DECISION IS BEING ENTERED HEREWITH.