In re Edward L. FISCHER, Debtor.

Sylvia COCCIA, Plaintiff,

v.

Edward L. FISCHER, Defendant.

Bankruptcy Nos. 80–00069–BKC–TCB, 80–0067–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

May 9, 1980.

518

Richard Garcia, for debtor, Felipe A. Alvarez, for plaintiff, Justin P. Havee, Trustee, Miami, Fla.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

In this adversary proceeding, a creditor seeks the denial of the debtor's discharge. (C.P. No. 1 & 7) The debtor has answered. (C.P. No. 9) The matter was tried before me on May 8, 1980. This order is a memorandum of decision under B.R. 752(a).

The time for filing a complaint objecting to discharge is limited. Interim Rule 4004 and B.R. 404(a). In this case, the deadline expired on April 28, 1980. The original complaint, filed before the deadline, alleged no ground for the denial of a discharge. 11 U.S.C. § 727. An amended complaint was filed one month later, after the deadline had expired. The amended complaint alleges that discharge should be denied because:

"(4) the debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account . ." 11 U.S.C. § 727(a)(4)(A).

■ After expiration of the time fixed by the court for the filing of a complaint objecting to discharge, additional or new grounds of objection may not be added by way of amendment. *Collier on Bankruptcy* (14th ed.) ¶ 14.07[3] n. 49. It follows, therefore, that the debtor's motion to dismiss must be granted.

■ I reserved ruling on this motion and heard all of the evidence offered by the parties. The debtor's sworn bankruptcy petition states that he was unemployed at the time the petition was filed. The statement is false. He was employed as a full time security guard at the Ivanhoe Hotel and was being paid $440 a month. He had held the position for some time and continues to hold the position now. In response to the same question, the debtor stated that he was retired. The answer, though misleading, is not false. The debtor is receiving Social Security and his earned income in any one year is restricted to $3,720.

The debtor's explanation for the false answer in his petition (which was not cured or corrected during his interrogation at the § 341 hearing) is that he viewed his employment as temporary. He could not work more than eight and a half months without forfeiting his benefits.

I am not impressed by the debtor's explanation, but there is no reason for him to have lied. A completely accurate response to the question would not have affected this bankruptcy proceeding in any way, nor would it have forfeited or jeopardized his Social Security benefits. I conclude that the debtor's false answer was the result of carelessness or ignorance and was not a fraudulent act.

■ A bankruptcy discharge may be denied under § 727(a)(4)(A) only if the false oath related to a material matter, that is to say material to the condition of the estate or to the debtor's entitlement to discharge. *Collier on Bankruptcy* (15th ed.) ¶ 727.04 n. 4.

If, therefore, the amended complaint were properly before me, plaintiff has failed to allege or prove a basis for denial of this discharge.

For the foregoing reasons, the complaint must be dismissed with prejudice. As is

 

required by B.R. 921(a), a separate judgment will be entered to that effect. Costs, if any, will be taxed on motion.