**In re John CHIASSON and Brenda Chiasson, Debtors.**

**PAN AMERICAN WORLD AIRWAYS, Plaintiff,**

v.

**John CHIASSON and Brenda Chiasson, Defendants.**

Bankruptcy No. 93–02464–3P7.
Adv. No. 93–359.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 27, 1995.

Jonathan J. Ellis, Tampa, FL, for plaintiff.

Jack A. Mooring, Inverness, FL, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Pan American World Airways' complaint objecting to defendants' discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(4)(A). The complaint alleges that the defendants failed to preserve records from which their financial condition could be ascertained and that the defendants knowingly and fraudulently made a false oath by omitting certain assets and business interests from their petition schedules.

Upon the evidence presented at trial on December 14, 1994, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. From 1988 until 1991, the defendants were joint owners of Northern Virginia Travel Agency, Inc., with John Chiasson serving as President and Brenda Chiasson serving as Secretary.

2. On August 12, 1991, the defendants executed an Asset Purchase Agreement with Allen Swinger, to transfer the assets of Northern Virginia Travel Agency, Inc., to Swinger for $67,000. After mutually agreed deductions, the defendants received $60,000.

3. On August 12, 1991, John Chiasson signed a Consulting Agreement with Swinger, agreeing to provide consulting services for $21,000. After mutually agreed deductions, Chiasson received $14,000.

4. On August 12, 1991, John Chiasson signed a Covenant Not To Compete with Swinger, under which Chiasson was to receive $85,000. In July of 1992, Chiasson negotiated a buy-out of the Covenant Not To Compete and received $35,605.00 in final payment.

5. On May 26, 1993, the defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. At the time of filing, the defendants omitted the following from their petition and accompanying schedules: (1) proceeds from the sale of Northern Virginia Travel Agency, Inc., (2) their combined income for 1991, (3) their ownership interests in two bank accounts, (4) their ownership and interests in Northern Virginia Travel Agency and Ober United Travel Agency, Inc., (5) their ownership of a vacant lot in Charlotte County, Florida, and (6) the name of their accountant. With the exception of the two bank accounts, the defendants later disclosed their prior omissions in their Rule 2004 examination.

6. The deadline for filing a complaint objecting to discharge is 60 days after the petition filing date. In this proceeding, the Bar Date was August 24, 1993. An order of this Court dated September 2, 1994, extended it to September 3, 1993.

7. On September 3, 1993, the plaintiff filed a one-count complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(4)(A), suggesting that defendants knowingly and

fraudulently made false statements under oath regarding the sale of Northern Virginia Travel Agency, Inc. On September 14, 1993, plaintiff filed an amended complaint, containing additional grounds under the original count, and adding a second count pursuant to 11 U.S.C. § 727(a)(3), alleging that the defendants failed to preserve records from which their financial condition could be ascertained.

### CONCLUSIONS OF LAW

■ A bankruptcy discharge permanently enjoins creditors from collecting debts protected by the discharge. A debtor is entitled to discharge unless the debtor has engaged in fraudulent or improper activity in disclosing his financial condition to the Court. The terms for denying a debtor's discharge are codified in 11 U.S.C. § 727. The sections relevant to this proceeding are § 727(a)(3) and (a)(4)(A), which state:

(a) The Court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

It is the duty of the Court to determine whether the plaintiff has produced enough evidence to prove that the debtor committed a fraudulent or improper act under § 727, and after making such a finding, to grant or to deny the discharge. The Court, however, must restrict its ruling to those allegations which are properly before the Court.

### Consideration of Plaintiff's Amended Complaint

In this case, the issue which necessitates priority is whether the amended complaint should be allowed. Bankruptcy Rule 7015 and Federal Rule of Civil Procedure 15 permit timely amendments to pleadings if the amendments arise out of the "conduct, transaction or occurrence set forth in the original pleading." Fed.R.Civ.P. 15(c).

Bankruptcy courts, however, have applied more stringent standards. In *In re Fischer*, 4 B.R. 517 (Bankr.M.D.Fla.1980), the court held that "[a]fter expiration of the time fixed by the court for the filing of a complaint objecting to discharge, additional or new grounds of objection may not be added by way of amendment." *Id.* at 518.[1]

■ In this proceeding, the plaintiff filed an original one-count complaint objecting to the defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Specifically, the complaint alleged that the defendants made false oaths in regards to the proceeds they received from the sale of their travel business. The plaintiff subsequently filed an amended complaint, which added additional grounds in support of the original objection, and a second count pursuant to 11 U.S.C. § 727(a)(3).

The amended complaint was filed on September 14, 1993, twenty-one days after the original bar date and eleven days after the extended bar date. The amended complaint was untimely and is not properly before the Court. The Court will not consider the amended complaint because the amendments change the nature of the original complaint and the amended complaint was filed after the extended bar date.

Consequently, the plaintiff's case depends upon the sufficiency of the original complaint to assert facts warranting a denial of discharge under § 727(a)(4)(A).

1. Although the Court in *In re Fischer*, 4 B.R. 517 (Bankr.S.D.Fla.1980) predicated its decision on Interim Rule of Bankruptcy Procedure, Rule 4004, 11 U.S.C.A., this Court finds that the *Fischer* decision provides a suitable guideline for dealing with amended complaints objecting to discharge. Other courts have held similarly. *See*

*In re Ksenzowski*, 56 B.R. 819 (Bankr.E.D.N.Y. 1985) (holding that "absent good cause, new grounds for objecting to a discharge cannot be added even where 'closely akin' to what has already been alleged, after the time for such objections has expired.") *Id.* at 830.

*Analysis of Discharge Under*
*11 U.S.C. 727(a)(4)(A)*

Absent some fraudulent or improper act by the debtor, a bankruptcy discharge gives the debtor a "fresh start." *In re Sowell*, 92 B.R. 944, 947 (Bankr.M.D.Fla.1988). Ordinarily, the discharge would not be impaired by the debtor's inadvertent omission of assets of insignificant value. *Matter of Galbraith*, 17 B.R. 302, 305 (Bankr.M.D.Fla. 1982). When, however, the debtor fails to disclose assets of substantial or material value, fraudulent intent is presumed. *In re Sowell*, 92 B.R. 944, 947 (Bankr.M.D.Fla. 1988). An omission is "material" if it "bears a relationship to the debtor's business transactions or assets." *In re Peter Urban*, 130 B.R. 340, 344 (Bankr.M.D.Fla.1991).

In this case, the defendants failed to disclose their profits generated from the sale of Northern Virginia Travel Agency, Inc. From the evidence presented, the Court finds that in filing their petition and completing their schedules, the defendants omitted (1) $60,000.00 from the sale of Northern Virginia Travel Agency, Inc., (2) $14,000 John Chiasson received under the post-sale Consulting Agreement, and (3) $35,605 received from a negotiated buy-out of John Chiasson's Covenant Not to Compete. These assets are directly related to the debtors' business transactions and are of material value to the estate. The debtors' omission of these assets, therefore, imputes fraudulent intent.

The Court concludes that the defendants knowingly and fraudulently made a false oath in regards to the sale of their travel business, and that the defendants' discharge should be denied. By separate order, the Court will deny the defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A).