In re John BOZEMAN, Debtor.

**KBHS BROADCASTING
CO., INC., Plaintiff,**

v.

**Mack SANDERS, Great American Broadcasting Co. of Arkansas, Inc., J & A, Inc., Comstat, Inc., Sherry Sanders George Donnelly, and John Bozeman, Defendants.**

Bankruptcy No. 97–60480 S.
Adversary No. 98–6010.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

April 23, 1998.

R. Patrick Riordan, Bruce Woner, Topeka, KS, Adam Williams, Hot Springs, AR, for plaintiff.

Mack Sanders, Hot Springs, AR, pro se.

Byron Rhodes, Hot Springs, AR, for Debtor.

### ORDER DENYING MOTION TO ALTER OR AMEND ORDER

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion to Alter or Amend Order Denying Motion to Amend, filed on April 16, 1998. On April 6, 1998, the Court denied plaintiff's motion to amend the complaint in a pending adversary proceeding. The complaint, which alleged various state-law causes of action, was transferred to this Court in March 1998 by the United States District Court for the District of Kansas. The plaintiff's sought to amend the complaint to add causes of action objecting to discharge and dischargeability, 11 U.S.C. §§ 523(a), 727(a). The Court denied the motion inasmuch as the motion was not filed within the time limitations of Rules 4004, 4007, Federal Rules of Bankruptcy Procedure. Since no complaint had been timely filed, nor a further extension granted within the time limits, the Court was without discretion to grant the motion. The plaintiff requests that the Court reconsider this decision and permit the amendment to be filed must be denied.

It is not disputed that the last day to file a complaint objecting to discharge or dischargeability was March 23, 1998, but that the motion to amend the state-law complaint[1] was not filed until March 24, 1998.[2] The plaintiff asserts that since the original

---

**1.** The complaint was transferred from the District Court of the District of Kansas in February. The civil cover sheet which the plaintiff supplied to the clerk of the bankruptcy court listed the cause of action as a complaint objecting to discharge and dischargeability under sections 523 and 727 of the Bankruptcy Code. Inasmuch as the complaint did not state such causes of action, and, indeed, the motion to amend had not even been filed, this designation not only created confusion for the clerk, it constituted a misrepresentation. In any event, the fact that the plaintiff designated the causes of action in this manner does not superimpose those causes of action within the pending complaint or otherwise have legal effect. *Cf.Schmidt v. Goscicki (In re Goscicki),* 207 B.R. 893 (9th Cir. BAP 1997) (civil cover sheet is not a substitute for complaint. Notice to court of intent to file is not a substitute for the filing of an adversary proceeding objecting to discharge); *Wood v. Jasperson (In re Jasperson),* 116 B.R. 740, 742 (Bankr.S.D.Cal.1990) (cover sheet admonishes that "the information contained therein neither replaces nor supplements the filing and service of pleadings or other papers as required by law."). The civil cover sheet, required by virtually all federal clerk's offices upon the filing of a complaint, provides information to the clerk in order to open a file and enter appropriate information onto the clerk's docket sheet. *See generally* Fed.R.Bankr.P. 5003 (clerk's duties). The civil cover sheet is an administrative convenience for the clerk, not a pleading. *See* Fed.R.Civ.P. 7.

**2.** Plaintiff asserts that it placed the motion in the mail, for next-day delivery on March 20, 1998. However, plaintiff apparently placed an incorrect

complaint itself was timely filed the filing of the amended complaint would relate back to the filing date of the original complaint, in December 1995, some seventeen months before the bankruptcy was even filed.

▉ Rules 4004 and 4007 provide the time limits for filing objections to discharge and dischargeability. These rules are strictly construed such that, as a general rule, the courts will not even permit a party in interest, who timely filed an action objecting to discharge, to later amend the complaint to add an objection to dischargeability. *See, e.g., Wells v. Jennings (In re Jennings)*, 188 B.R. 110 (Bankr.E.D.N.Y.1995). While there is some authority that a complaint may be amended to add a second cause of action for dischargeability, *e.g., Beasley v. Adams (In re Adams)*, 200 B.R. 630 (N.D.Ill.1996) (both counts related to the dischargeability of obligations imposed by the divorce decree); *Farmer v. Osburn (In re Osburn*, 203 B.R. 811 (Bankr.S.D.Ga.1996) (same), courts will often not permit amendment to add a second section 523(a) or 727 cause of action or to even state additional grounds in support of the original cause. *Pan Am. World Airways v. Chiasson (In re Chiasson)*, 183 B.R. 293, 295 (Bankr.M.D.Fla.1995); *Nunc pro tunc* orders are also prohibited in this context. *Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615 (S.D.N.Y.1996); *H.T. Paul Co. v. Atteberry (In re Atteberry)*, 194 B.R. 521 (D.Kan.1996).

▉ In contrast to these strict and specific time limitations, rule 15(a), Federal Rules of Civil Procedure[3] provides that leave of court to amend "shall be freely given when justice so requires" and, in the Eighth Circuit, the rule is a liberal one. *See generally Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.

1989). Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading

▉ While relation back may apply in the context of a timely filed action under sections 523 or 727, there does not appear to be any authority to permit relation back within the context of some other lawsuit, even if the suit is pending before the bankruptcy court. Indeed, the only authority is to the contrary. *See Wood v. Jasperson (In re Jasperson)*, 116 B.R. 740 (Bankr.S.D.Cal. 1990) (removal of state court action to bankruptcy court not subject to amendment to add separate 523 action beyond the deadline in Rule 4007). To relate unfiled section 523 and 727 causes of action to a state-law action filed over a year before the bankruptcy case was even filed simply does not comport with the Bankruptcy Code, the rules, nor their policies, including the concepts and policies governing discharge and dischargeability. Plaintiff's argument fails to recognize the distinction between a state law suit to enforce a state created right and a suit in bankruptcy to determine dischargeability issues. The causes of action on a debt and the action on the dischargeability of that debt, a cause of action that arises solely by virtue of the Bankruptcy Code, are fundamentally different, *Resolution Trust Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 336, 337 (10th Cir.1994) (quoting *In re Moran*, 152 B.R. 493 (Bankr.S.D.Ohio 1993),[4] such that application of the rule permitting relation back, where the time limitations of Rules 4004 or 4007 have not been met, is not permitted.

---

address on the envelope such that the carrier did not, or could not, timely deliver the submission. While some courts have held this to constitute excusable neglect, the concept of excusable neglect is not available under Rules 4004, 4007 to excuse the late-filing. Fed.R.Bankr.P. 4004, 4007, 9006(b)(3); *see In re Isaacman*, 26 F.3d 629 (6th Cir.1994); *H.T. Paul Co. v. Atteberry (In re Atteberry)*, 194 B.R. 521 (D.Kan.1996). Moreover, it is well-settled that placing a document in the mail does not constitute a filing. *McIntosh v. Antonino*, 71 F.3d 29 (1st Cir.1995). A docu-

ment is filed only when it is delivered into the custody of the proper officer, clerk, deputy, or judge. *In re Henry Bros. Partnership*, 214 B.R. 192 (8th Cir. BAP 1997).

3. Federal Rules of Civil Procedure 15 is applicable to this proceeding pursuant to rule 7015.

4. Moreover, even were Rule 15(c) applicable, a cause of action under 727(a), by its very nature, cannot relate back to a state cause of action.

The Federal Rules of Bankruptcy Procedure specifically require that, to object to discharge or dischargeability, a pleading be filed by a date certain. An untimely motion for extension of time or a request to amend a pending complaint preserves the right to object to discharge or dischargeability. Indeed, the rules expressly prohibit the court from extending the deadline if the motion is made out of time. *See* Fed.R.Bankr.P. 9006(b)(3), 4004, 4007; *Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615 (S.D.N.Y. 1996). Since there was no *pleading* filed by the deadline, there can be no relation back. *In re Jasperson*, 116 B.R. 740 (Bankr. S.D.Cal.1990); *cf. Grand Promenade v. Twersky (In re Twersky)*, 190 B.R. 903 (Bankr.C.D.Cal.1996) (motion to reject executory contract could not be treated as motion to extend time to object to dischargeability). Even were the motion to amend treated as a motion for an extension of time or construed as a pleading, it was filed beyond the deadline imposed by the Bankruptcy Code such that the Court had no authority to grant either a motion to extend or permit the pleading to stand as the complaint in the action. On March 23, 1998, when the time expired for filing a complaint to determine dischargeability or object to discharge, there was no request before the court to extend any deadline or to amend any complaint. There was no complaint under sections 523(a) or 727(a) filed. On March 23, 1988, when the time expired for filing a complaint there was only pending a complaint for damages under various state-law theories. In light of the strictures of Rule 4004 and 4007, the Court is without authority to permit either an amendment of that state-law complaint or the filing of a new complaint. Accordingly, it is

**ORDERED** that the plaintiff's Motion to Alter or Amend Order Denying Motion to Amend, filed on April 16, 1998 is Denied.

**IT IS SO ORDERED.**

Section 727 establishes causes of action relating to the debtor's conduct in relation to the bankruptcy court, matters and facts fundamentally distinct from the state-law causes of action stated in the complaint.