**In re Chester E. DAMRILL and Andre' M. Damrill, Debtors.**

**Shawn Boan, individually and Allstate Optical, Inc., A Nevada Corporation and, Clean Credit Corporation of America, Inc., a Nevada Corporation, Both Corporations are authorized to do Business in the State of Missouri, Plaintiffs,**

**v.**

**Chester E. Damrill and Andre' M. Damrill, Defendants.**

**Bankruptcy No. 96-30810-SW. Adversary No. 98-3036.**

United States Bankruptcy Court, W.D. Missouri.

April 2, 1999.

Jack L. Eisen, Terrence D. Prigmore, for plaintiff.

Norman E. Rouse, for defendant.

## *MEMORANDUM OPINION AND ORDER*

JERRY W. VENTERS, Bankruptcy Judge.

This matter comes before the Court on the Objection to Discharge filed by Shawn Boan, Allstate Optical, Inc., and Clean Credit Corporation of America, Inc., ("Plaintiffs") and the Plaintiffs' Application for Leave to File an Amended Objection to Discharge, which is opposed by the Debtors. The issues are whether the Plaintiffs should be allowed (1) to amend their original Objection to Discharge to bring in

replevin and other claims filed pre-petition in state court and (2) to expand their § 727 objections to discharge after the deadline for the filing of dischargeability complaints in these Chapter 7 proceedings. For the reasons stated herein, the Court will deny the Plaintiffs' Application for Leave to File an Amended Objection to Discharge, will grant the Plaintiffs 15 days leave to amend their original Objection to Discharge to clarify the statutory grounds on which they are proceeding, and will grant Plaintiffs leave to file another lift stay motion if they desire to pursue their claims for non-monetary relief against the Debtors in the state court.

The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

Chester Damrill and his wife, Andre' Damrill, ("Damrills" or "Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on December 24, 1996. In their bankruptcy schedules and statement of financial affairs, the Debtors failed to list the Plaintiffs as creditors and failed to disclose a lawsuit that had been filed against them by the Plaintiffs on September 3, 1996, in the Circuit Court of Newton County, Missouri. A Chapter 13 Plan was filed on January 7, 1997, but it made no mention of any debt owed to the Plaintiffs. On February 25, 1997, the Court, without objection, confirmed the Chapter 13 Plan. On June 26, 1998, the Court dismissed the Damrills' Chapter 13 case because of a default in the Plan payments. However, at the request of the Debtors, the Court set aside its Order of Dismissal and then, on August 7, 1998, the Debtors filed a Motion to convert the Chapter 13 to a proceeding under Chapter 7, which they had a right to do under 11 U.S.C. § 706(a). The Court entered its Order converting the case to Chapter 7 on August 10, 1998. In their conversion schedules and statement of financial affairs, the Debtors again failed to list the Plaintiffs as creditors and again failed to disclose the Newton County lawsuit.[1]

As a result of the conversion to Chapter 7, a new deadline of December 14, 1998, was set for the filing of dischargeability complaints. On December 11, 1998, the Plaintiffs filed a Motion to Lift Automatic Stay, asking the Court to lift the automatic stay of 11 U.S.C. § 362(d) so that the Plaintiffs could pursue the state court litigation. At the same time, the Plaintiffs filed their Objection to Discharge, in which they sought denial of the Debtors' discharge in bankruptcy pursuant to 11 U.S.C. § 727. It is unquestioned that this Objection to Discharge was timely filed before the December 14, 1998, deadline. The sole basis asserted for denial of the Debtors' discharge was the following allegation:

> "3. That the above-mentioned lawsuit against the Debtors and the debt owed to Movants was not listed in the Debtors' schedule filed with this Court and sworn under oath by the debtors to be true and accurate."

The Plaintiffs alleged that they would be "adversely affected" if the debt allegedly owed to them by the Debtors was discharged, but cited no substantive provision of the Bankruptcy Code in support of their objection to discharge. Their only references to the Bankruptcy Code pointed to non-existent Code sections, "§ 727(1)" and "§ 727(2)."

The Debtors filed a Response to the Motion to Lift Automatic Stay in which they stated that the state court litigation "has now been discharged." The Court[2]

1. Debtors' bankruptcy attorney did not represent the Debtors in the state court action.

2. The case was assigned to Judge Arthur B. Federman at that time. Subsequently, on

held a conference with the attorneys for the parties on January 8, 1999, at which time both the Motion to Lift Automatic Stay and Objection to Discharge were discussed. In that conference, Judge Federman suggested that perhaps the state court action could be heard by the Bankruptcy Court along with the Objection to Discharge, thereby conserving the time and resources of the parties, the attorneys and the Court. Accordingly, Judge Federman entered an Order denying the Motion to Lift Automatic Stay, in which he stated that the subject matter of the motion for relief could be taken up in the pending dischargeability action. Taking a cue from the Court's comments, counsel for the Plaintiffs then filed their Application for Leave to File an Amended Objection to Discharge, and attached thereto their proposed Amended Objections to Discharge.

The proposed Amended Objections to Discharge set out five Counts, the first four of which appear to be a duplication of the Newton County lawsuit in all particulars. The Counts are: Count I—Replevin; Count II—Equitable Relief; Count III—Injunction; and Count IV—Accounting. Summarized, the four Counts allege that the Damrills have refused to return the personal and business property of the Plaintiffs, request that the Damrills be enjoined from destroying, concealing or transferring the Plaintiffs' property, request that the Damrills be enjoined from using and/or disclosing the confidential trade secrets and confidential business records of the Plaintiffs, and request an accounting with respect to the business operations which Chester Damrill previously managed for the Plaintiffs. In Counts I through IV of their Amended Objections to Discharge, Plaintiffs once again failed to specify in any way—by reference to a specific provision of the Bankruptcy Code, namely any subsection of § 523 that might constitute grounds for a denial of discharge, or even by general reference to the Bankruptcy Code—how the Debtors' conduct violated the Bankruptcy Code or why the Debtors should be denied a discharge.

The final Count, Count V, is a vastly expanded version of the original Objection to Discharge. In their proposed Count V, the Plaintiffs now allege that the Debtors made false statements or omitted information on their bankruptcy schedules and statement of affairs by (a) failing to list their stock or interest in the business formerly owned and/or operated by the Plaintiffs and Chester Damrill; (b) failing to list the Debtors' Counterclaim in the Newton County lawsuit as an asset; (c) failing to list an alleged bank account; (d) failing to disclose that the Debtors were in possession of the property which was the subject of the Plaintiffs' lawsuit in Newton County; and (e) failing to disclose their partnership interest in the business formerly owned and/or operated with the Plaintiffs.

The proposed Amended Objections to Discharge were not submitted to the Court until February 1, 1999, well beyond the December 14, 1998, deadline for filing objections to discharge.[3]

## DISCUSSION

The issues before the Court, whether the Plaintiffs should be allowed to amend

February 1, 1999, the case was transferred to the undersigned when the undersigned assumed the bench.

3. It is perhaps worthwhile to note that more than two years had elapsed from the filing of the Plaintiffs' state court lawsuit (filed September 3, 1996) to the filing of the original Objection to Discharge (December 11, 1998). Apparently, there was no activity in the state court lawsuit during that time. Further, Plaintiffs have never complained that they did not have notice of the bankruptcy proceeding; the filing of the original Objection to Discharge on December 11, 1998, three days before the deadline, would suggest that Plaintiffs and their counsel were well aware of the bankruptcy action.

Although it is not evidence and will be not be considered by the Court, Plaintiffs' conduct in these proceedings lends support to Debtors' counsel's statement in his legal memorandum to the Court that the lawsuit was not listed because the Debtors believed the matter had been resolved.

their original Objection to Discharge to include state law claims filed pre-petition and to add a host of § 727 objections to discharge after the deadline for the filing of dischargeability complaints has passed, bring to the forefront the complex relationship between Federal Rule of Civil Procedure 15(a), which provides for the liberal treatment of amendments to pleadings; Federal Rule of Civil Procedure 15(c), which allows untimely amendments to "relate back" to the date of the original complaint; and Federal Rule of Bankruptcy Procedure 4004, which restricts the filing of objections to discharge to sixty (60) days following the first date set for the meeting of creditors. The issue is a complex one because the policy behind and general application of each rule is different and must be balanced against the others. The matter is further complicated in this case by the inartful pleadings of the Plaintiffs. As a result of the Plaintiffs' failure to adequately plead their original Objections and later amendments, Plaintiffs have lost the opportunity to have their state court claims and additional § 727 objections heard in this Court.

Our discussion begins with a consideration of the general rule for amending a pleading-Federal Rule of Civil Procedure 15(a). Rule 15 applies to adversary proceedings in bankruptcy via Bankruptcy Rule 7015. Fed.R.Bankr.P. 7015. Rule 15 provides in pertinent part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

In this case, Plaintiffs have lost their privilege to amend their complaint as a matter of course because the Debtors filed an answer to Plaintiffs' original Objection to Discharge. The Debtors have also objected to Plaintiffs' proposed Amended Objections. Thus, Plaintiffs may only amend by leave of court.

■ The Court should and will grant leave to amend where justice requires. Fed.R.Civ.P. 15(a). Whether or not leave should be granted, however, is entirely within the court's discretion. *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962). The Court is guided in its decision by case law interpreting Rule 15 and the policies underlying its application. Courts construing Rule 15(a) consistently state that, in the absence of an apparent reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or other similar reasons, leave should be freely given. *Id.* at 182, 83 S.Ct. at 230; *Thompson-El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989).

> Rule 15 reflects two of the most important policies of the federal rules. First the rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. This is demonstrated by the emphasis Rule 15 places on the permissive approach that the district courts are to take to amendment requests, no matter what their character may be; ... Second, Rule 15 reflects the fact that the federal rules assign the pleadings the limited role of providing the parties with notice of the nature of the pleader's claim or defense and the transaction, event, or occurrence that has been called into question.

6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 1471, p. 505–507 (1990).

■ If Plaintiffs' Application for Leave to File an Amended Objection had been filed before the time limit for filing such motions expired, the Court would have been guided solely by the liberal dictates of Rule 15. But this was not the case. The Application was filed after the dead-

line for objections to discharge had passed. Bankruptcy Rule 4004 governs the time limit for filing objections to discharge:

> (a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Fed.R.Bank.P. 4004.

The first creditors' meeting was held on October 14, 1998. Accordingly, the deadline for filing objections to discharge was December 14, 1998. Plaintiffs filed their Application for Leave to File an Amended Objection on February 1, 1999. Consequently, the only way Plaintiffs' Amendments could be considered "timely" would be if they were allowed to relate back to the original objection. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1542 (8th Cir. 1996) ("[T]he relation back doctrine is typically applied with reference to statutes of limitations[.]"). The relation back of amendments is governed by Federal Rule of Civil Procedure 15(c), which provides in pertinent part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]

Fed.R.Civ.P. 15(c).

Policy concerns similar to those that underlie the liberal approach to Rule 15(a) apply to Rule 15(c). Rule 15(c) was "primarily intended to alleviate harsh decisions which had defeated claims on technicalities that should have been decided on their merits." *Gridley v. Cunningham*, 550 F.2d 551, 553 (8th Cir.1977). Because the purpose of Rule 15(c) is to permit cases to be decided on their merits, it also is liberally construed. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1542 (8th Cir. 1996). The basic inquiry under Rule 15(c) is whether the amended complaint is related to the general fact situation alleged in the original pleading, so that it can be said that the defendant had "all the notice that statutes of limitations were intended to provide." *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1283 (8th Cir.1988) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n. 3, 104 S.Ct. 1723, 1735 n. 3, 80 L.Ed.2d 196 (1984)). At the same time, Rule 15(c) should not be applied so as to deprive defendants of the protection of the statute of limitations. *Fuller v. Marx*, 724 F.2d 717, 720 (8th Cir.1984) ("Despite its broad language, Rule 15(c) is designed to allow the addition of new claims ... only if there is no unfair surprise or prejudice ... The rule does not contemplate depriving defendants of the protection of the statute of limitations.").

In contrast to the liberal dictates of Rule 15(a) and (c), however, Bankruptcy Rule 4004, governing the time limits for filing objections to discharge, is strictly construed. *KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)* 226 B.R. 627, 630 (8th Cir. BAP 1998) ("These rules are analogous to statutes of limitations and are strictly construed."). *See also, In re Jennings*, 188 B.R. 110, 114 (Bankr.E.D.N.Y. 1995); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–644, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992) (applying Rule 4003(b) which similarly interprets the time limits for objecting to exemptions). The strict application of Rule 4004 is reflected in the bankruptcy courts' tendency to take a cautious and critical approach to untimely amendments to objections to discharge or claims of dischargeability. *See In re Chiasson*, 183 B.R. 293, 295 (Bankr. M.D.Fla.1995) (observing that Rule 4004 is stricter than Rule 15(c) and refusing to accept untimely amendments that provided additional support for original § 727(a)(4)(A) objection and added additional § 727 claim). "[A]bsent good cause,

new grounds for objecting to a discharge cannot be added even where 'closely akin' to what has already been alleged, after the time for such objections has expired." *In re Ksenzowski*, 56 B.R. 819, 830 (Bankr. E.D.N.Y.1985) (refusing to allow amendments that, although based on same factual situation alleged in the original complaint, attempted to state additional grounds for a denial of discharge under § 727).[4]

We find a succinct statement of the policy behind Rule 4004 and its relationship to the liberal approach to amendment in Rule 15 in *Austin Farm Center, Inc. v. Harrison (In re Harrison)*, 71 B.R. 457, 459 (Bankr.D.Minn.1987):

> Plaintiff argues that FED.R.CIV.P 15(a) fully supports its motion, as it states that leave to amend "shall be freely given." However, the mandate of liberality is qualified by the phrase "when justice so requires." The qualification plainly requires a consideration of the equities in each proceeding. No consideration of the relevant equities in a discharge or dischargeability adversary proceeding can ignore the 60-day statute of limitations of BANK.R. 4004(a) and 4007(c). This statute of limitations is among the very shortest under federal law. It is designed to further the "fresh start" goals of bankruptcy relief, it requires creditors to promptly join their exceptions to discharge of debt and objections to discharge, so a petitioning debtor will enjoy finality and certainty in relief from financial distress as quickly as possible.

It is in light of this tension between Federal Rule of Civil Procedure 15 and Federal Rule of Bankruptcy Procedure 4004 that the Court decides whether to grant Plaintiffs' request for leave to amend their Objections to Discharge.

Analytically, there are two aspects to the relation back doctrine—the amendment and the original pleading. Relation back depends on the relationship between the content of the original complaint and the proposals in the amendment. On one side, the first complaint serves as the foundation. It does not have to be perfectly structured (because if it was, amendment would be unnecessary), but it must provide enough substance to which the amendment can attach.[5] On the other side, the amend-

4. Not all courts have been so stringent in their application of the deadline. In some cases, amendment has been allowed where the facts alleged in the first complaint clearly support the claims asserted in the amended complaint. *See e.g., In re Kelley*, 46 B.R. 63 (Bankr.E.D.Va.1985) (allowing creditor to amend original complaint based on § 727(a) to one stating a § 523(a) cause of action); *In re Dunn*, 49 B.R. 547 (Bankr.W.D.N.Y.1985) (permitting the addition of additional grounds for § 523 and § 727 claims where original factual allegations were sufficient to put debtor on notice of charges incorporated by the amendment); *In re Hussain*, 54 B.R. 755 (Bankr.E.D.N.Y.1985) (permitting amendment to plead original claim with more specificity).

All of these cases, however, are distinguishable from the instant case in two ways. First, the original complaints in all of the above cases set forth substantive factual allegations onto which later amendments could reasonably be grafted. The only factual allegation in Plaintiffs' original complaint is that the Debtors omitted the lawsuit from their schedules. This one allegation is insufficient to serve as the basis for either the entirety of the lawsuit as substantive claims or for other alleged omissions from the Debtors' schedules.

Second, in all of the above cases, the amended complaint adequately stated causes of action cognizable in bankruptcy, i.e. they stated the factual *and* legal support. In contrast, Plaintiffs fail to mention any legal basis in the Bankruptcy Code as to why Counts I–IV should be considered grounds for a denial of discharge.

5. *See Mission Viejo National Bank v. Englander (In re Englander)*, 92 B.R. 425, 428 (9th Cir. BAP 1988) ("[A]n amended complaint will relate back if 'the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim is identifiable with the original claim.' ") quoting *In re Dean*, 11 B.R. 542, 545 (9th Cir. BAP 1981); "Lack of specificity in the initial pleading may also preclude amendment if the amended pleading is not substantially similar to original timely objection to discharge." *In re Barnes*, 96 B.R. 833, 838 (Bankr.N.D.Ill. 1989).

ed complaint must adequately remedy the defects in the first complaint. This may be accomplished by correcting the original complaint's technical problems or by adding factually related claims that, essentially, should have been included in the original complaint. At this point, it should be surplusage to say that the proposed amendment must adequately state a claim. In this case, however, not only did the Plaintiffs fail to provide a sufficient foundation in their original complaint and fail to raise claims in the proposed amended complaint that are sufficiently, factually related to their original complaint, they neglected to state any statutory grounds on which Counts I–IV could be considered sufficient grounds for a denial of discharge in bankruptcy.

**I. The Additional § 727 Claims.**

First, the Court will address the additional factual grounds advanced by the Plaintiffs in Count V for general denial of discharge under § 727.

Before we begin our analysis, however, the Court has to decipher what cause of action Plaintiffs assert. Plaintiffs' sole allegation is that the Debtors failed to list the Newton County lawsuit in their schedules and that this constituted a violation of non-existent Code sections "§ 727(1)" and "§ 727(2)."

According to the liberal concepts of Federal Rule of Civil Procedure 8,[6] a pleading is to be "judged by its substance rather than by its form or label." *In re Jasperson,* 116 B.R. 740, 744 (Bankr. S.D.Cal.1990) (quoting *Voytko v. Ramada Inn Atlantic City,* 445 F.Supp. 315, 325 (D.C.N.J.1978)).[7] The substance of Plaintiffs' pleading suggests that they are basing their complaint on § 727(a)(4)(A), which provides that the court shall grant the debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. 11 U.S.C. § 727(a)(4)(A). However, a properly pled complaint under § 727(a)(4)(A) must include more than just a bare allegation that a debtor failed to list something on his schedules. *Oakes Brothers, Inc. v. Shebel (In re Shebel),* 54 B.R. 196, 197 (Bankr.D.Vt.1985). Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy proceedings through Bankruptcy Rule 7009, requires that in all averments of fraud, the pleader must allege the circumstances constituting the fraud. Section 727(a)(4)(A) claims must include some indication of fraud or misrepresentation, although the particularity required is less than that for other types of fraud claims. *Society Bank v. Sinder (In re Sinder),* 102 B.R. 978, 985–86 (Bankr.S.D.Ohio). Because Plaintiffs' original complaint was inadequate in this respect, it would be logical to expect that given the chance to amend, this deficiency would be corrected. But this was not the case. Instead, the Plaintiffs launched into additional, unrelated § 727 claims (Count V of Plaintiffs Amended Objections to Discharge).

As stated above, once the time fixed by statute for filing a complaint objecting to discharge has expired, additional or new grounds for objection may not be added by way of amendment. *In re Bozeman,* 223 B.R. 707, 709 (Bankr.W.D.Ark.1998) (citing *In re Chiasson,* 183 B.R. 293, 295 (Bankr. M.D.Fla.1995)), *aff'd KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)* 226 B.R. 627, 630 (8th Cir. BAP 1998); *In re*

6. Rule 8 is incorporated by reference in Bankruptcy Rule 7008, which governs the pleading requirements in bankruptcy adversary proceedings.

7. The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Consequently, "all pleading shall be construed to do substantial justice." However, the policy of construing pleadings liberally does not justify that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules.

*Classic Auto Refinishing, Inc. v. Marino (In re Marino),* 37 F.3d 1354, 1357 (9th Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

*Fischer,* 4 B.R. 517 (Bankr.S.D.Fla.1980). Count V of Plaintiffs' Amended Objections to Discharge attempts to do just that. In addition to repeating the allegation that Debtors' failure to list the state court lawsuit constitutes a violation of some unspecified provision of § 727, the Plaintiffs add five (5) additional grounds for denial of discharge under § 727(a)(4)(A) and (B).[8]

Even if we were inclined to allow the amendment for additional § 727 causes of action, the Court is not persuaded by Plaintiffs' argument that the additional causes of action satisfy the requirements of Rule 15(c) for relating back to the original complaint, i.e., that the additional allegations arise from the same transaction, occurrence or conduct as set forth in the original complaint. The common "occurrence" upon which Plaintiffs ground their relation back argument is "the debtor's (sic) conduct of omitting or denying material facts in their bankruptcy pleadings." (Plaintiffs' Memorandum, p. 3). In other words, Plaintiffs argue that the failure to list the lawsuit in the schedules (grounds for original complaint) and the failure to make various other disclosures (Amended Objections, Count V., para. 4) are both "omissions" from the schedules and therefore arise out of the same transaction, occurrence or conduct, i.e., preparing and filing the schedules. This argument is flawed in that it confuses factual relatedness with alternate grounds for a cause of action. It turns the Rule 15(c) analysis on its head. Rule 15(c) allows a party to amend legal claims based on a factual nexus, not, as Plaintiffs argue, to amend factual claims based on a legal nexus.

Plaintiffs rely heavily on *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525 (8th Cir. 1996), to support their Rule 15(c) argument. Plaintiffs were probably drawn to *Alpern* because the causes of action alleged in *Alpern* (violations of certain securities regulations) also arose from material omissions where there was a duty to disclose. However, that is where the similarity in the cases ends. In *Alpern,* the court allowed the Plaintiffs to raise additional claims by way of amendment where the claims were based on the *same* material omissions, not "similar" material omissions.

> Alpern's § 11 claim, added in the amended complaint, was based on the same transactions, occurrences, and conduct alleged in the original complaint. Alpern's first complaint alleged § 10(b) and Rule 10b-5 violations based on materially misleading financial statements . . .

*Id.* at 1543.

In *Alpern,* the facts were the same for each cause of action; only the cause of action differed. Plaintiffs attempt to reverse this and say that because the cause of action is the same, they can allege different facts. *Alpern* clearly does not support this argument.

Finally, the Court believes that it would be unfair and severely prejudicial to the Debtors to allow the Plaintiffs to raise the additional factual grounds stated in Count V for general denial of a discharge under § 727 after the deadline has passed for filing of such complaints. The Plaintiffs obviously had the Debtors' schedules and statement of affairs in front of them when they filed their original Objection to Discharge, so they could have asserted those grounds in the original Objection. The Debtors filed a timely response opposing the single objection advanced by the Plaintiffs. Moreover, in a paragraph that now seems prescient, counsel for the Debtors asserted that the Plaintiffs "should be forbidden from amending their objection to discharge to state a claim upon which discharge could be denied for the reason that

8. The Court notes that, again, the only reference to the Bankruptcy Code was made in a blanket statement in the prayer for relief, which cited § 727(a)(4)(A) and (B). Plaintiffs' counsel should be reminded that it is not the Court's responsibility to figure out which Code sections apply to the violative conduct alleged. At least this time, however, the Plaintiffs cite an actual, existing Code section, unlike in the original Objection.

the statute of limitation has run for the Plaintiffs to be able to object to discharge." Thus, the Debtors, at the earliest possible time, sought the protection of the filing deadline for dischargeability complaints. Given these facts, and considering the broad expansion of Count V which is being attempted by the Plaintiffs, the Court is not inclined to deprive the Debtors of the legitimate protections of the statute of limitations of Bankruptcy Rule 4004. Under the circumstances here, it would be unjust to allow the requested amendments.

For the foregoing reasons, the Court will not allow Plaintiffs to amend their Objection to Discharge to include new and additional factual claims for denial of discharge under § 727.

**II. The § 523 Claims.**

Secondly, we address Counts I–IV of Plaintiffs' Amended Objections. Although the Plaintiffs have never properly submitted a copy of the state court lawsuit,[9] we note that Counts I–IV have been "cut and pasted" from that lawsuit into their Amended Objections. As a preliminary matter we point out that nowhere in the entire Amended Objection do Plaintiffs indicate how the Court has jurisdiction over these claims,[10] why the Court should address them, or in what way Counts I–IV constitute sufficient grounds for a denial of discharge in bankruptcy. The Court would be justified in ending its inquiry there but will postulate that Plaintiffs are asserting claims based on § 523(a)(2), although it does not change the outcome.

Even supposing Plaintiffs properly pled Counts I–IV as claims arising under § 523(a)(2), these claims could only be heard if they were capable of relating-back under Rule 15(c). As stated earlier, an amendment will relate back if the allegation arises from the same conduct, transaction, or occurrence set forth in the first complaint. *In re Bellanca,* 850 F.2d at 1283. In this case, the only conduct alleged in the first complaint was the failure to list the state court lawsuit in the schedules, and the complaint was based solely on § 727. It is hard for the Court to see how the action of failing to list a debt on the schedules can form the foundation for an amendment containing numerous allegations of fraud, misappropriation, and unfair competition arising from the business relationship and termination thereof between Plaintiffs and Debtors. In addition to the lack of a factual connection, an action under § 727 fundamentally differs legally from a § 523 action.[11]

9. Plaintiffs were required to submit a copy of the lawsuit as a document evidencing debt and stated that they had attached the Petition to their "Response to Judge's Order Referencing Documents Evidencing Debt." However, no attachment was ever submitted. A copy of the state court petition was attached to the Debtors' counsel's legal memorandum, however.

10. Bankruptcy Rule 7008(a) requires that in adversary proceedings, a complaint must contain "a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates," and "a statement that the proceeding is core or noncore ..."

11. Although some courts have allowed Plaintiffs to amend § 727 claims to state claims under § 523, they have only done so where the factual basis of the § 523 claim was substantially similar in substance to the claims set forth in the original § 727 complaint. *See In re Krank,* 84 B.R. 372, 376–77 (Bankr. E.D.Pa.1988) (allowing Plaintiff to assert a § 523 cause of action even though original complaint only stated that a state court malpractice claim was grounds for denial of discharge); *In re Kelley,* 46 B.R. 63, 66–67 (Bankr.E.D.Va.1985) (allowing amended complaint to state a § 523 cause of action where Plaintiff stated the factual grounds for a § 523 claim in the original complaint but mistakenly pleaded the cause of action under § 727).

At first glance, the facts of *In re Krank* appear similar to the instant case. *In In re Krank,* the court allowed Plaintiff to amend his complaint to include a § 523(a)(4) claim even though his original complaint only stated that he was a plaintiff in a state court malpractice claim against the debtor. However, that court's willingness to allow an

A motion to amend the complaint in a private creditor's adversary proceeding commenced under 11 U.S.C. § 727(a) to add a count under 11 U.S.C. § 523(a) is not merely an attempt to plead an alternative legal theory for a single, unitary injury to the plaintiff-creditor's interests. There are substantial differences between proceedings under § 523(a) and proceedings under § 727(a), as to the necessary factual basis of the claims, the allegations which must be pleaded, the type, measure, and burdens of proof involved, and the ultimate effect of judgment in a plaintiffs favor on the availability of bankruptcy relief to the debtor. In commencing a dischargeability proceeding under § 523(a), a creditor seeks to vindicate only its own debt. On the other hand, in joining an objection to discharge under § 727(a), a private creditor assumes something of the role of a trustee. Section 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor. Because exceptions to discharge and objections to discharge are two completely distinct and radically-different causes of action, proceedings involving them are in essence separate lawsuits even though they may be pleaded jointly in the same complaint. As essentially separate lawsuits, each such proceeding must be brought within the statute of limitations prescribed by BANKR.R. 4004(a) and 4007(c), subject only to extension upon motion timely under those rules. Thus, any motion in an adversary proceeding initially based on one of these statutory provisions to join a new count based upon the other must be made prior to the bar date—initial or extended—of BANKR.R. 4004(a) and 4007(c).

*In re Harrison,* 71 B.R. 457, 459 (Bankr. D.Minn.1987) (citations omitted).

Because the Plaintiffs seek to join a § 523 claim to a § 727 claim after the deadline for making such claims has passed and did not provide the factual basis for the § 523 claim in their original Objections, the Court will not allow Counts I–IV of Plaintiffs' Amended Objections.

## CONCLUSION

Although the Court will deny Plaintiffs' Application for Leave to File Amended Objections, the Court recognizes that Plaintiffs should not be denied the opportunity to have their state court claims heard, at least to the extent that non-monetary relief may be obtained against the Debtors (e.g., claims for replevin and injunctive relief). If the Plaintiffs desire to pursue these non-monetary claims against the Debtors, they may file another lift say motion with this Court for that purpose.

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Application for Leave to File an Amended Objection to Discharge be and is hereby DENIED. It is

**FURTHER ORDERED** that the Plaintiffs may file a second lift stay motion if they desire to pursue their non-monetary causes of action against the Debtors in the Newton County lawsuit. It is

**FURTHER ORDERED** that Plaintiffs be and are hereby granted 15 days from the date of this Order to file an Amended Objection to Discharge in which they shall specify the sections of § 727 which they claim Debtors have violated and to otherwise state a cause of action under such section(s), based on the factual allegations

amendment under those facts may be attributed to a less restrictive interpretation of the Rule 4004 filing deadlines, the fact that there was an identity of issues between the original complaint and the amended complaint, and perhaps most importantly, granting the Plaintiffs leave to amend would not be prejudicial to the debtor because the claim would have apparently been covered under the debtors' malpractice insurance. *Id.* at 376.

made in the original Objection to Discharge. If Plaintiffs fail to file such Amended Objection, this Adversary Proceeding will be dismissed.