**In re Carol BROTHERS, Debtor.**

**Janice R. Winters, Albert M. Teich, Jr., Lee Stone Armstrong Holdings, Thomas Finkbiner, and Barbara Keslinke, Plaintiffs,**

**v.**

**Carol Brothers, Defendant.**

**Bankruptcy No. 05–60101–BKC–LMI.**
**Adversary No. 06–1204–BKC–LMI.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

June 5, 2006.

Timothy S. Kingcade, Miami, FL, for Debtor.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

LAUREL MYERSON ISICOFF, Bankruptcy Judge.

This matter came before the Court on May 1, 2006 on Defendant's Motion to Dismiss (CP # 10) the Second Amended Complaint filed by Plaintiffs objecting to Defendant Debtor's discharge pursuant to

11 U.S.C. § 523(a)(2). For the reasons set forth below the Motion to Dismiss is Denied.

### Procedural History

Debtor/Defendant Carol Brothers filed for relief under chapter 7 of the United States Bankruptcy Code on November 11, 2005. The last day to file an objection to Debtor's discharge was February 17, 2006. On February 17, 2006, Plaintiffs, Janice R. Winters, Albert M. Teich, Jr., Lee Stone Armstrong Holdings, Thomas Finkbiner, and Barbara Keslinke (collectively hereafter the "Plaintiffs"), filed a twelve paragraph complaint (the "Complaint") objecting to Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and 11 U.S.C. § 727(a)(5). On February 28, 2006 Plaintiffs filed an Amended Complaint (the "First Amended Complaint") objecting to Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2). The only difference between the initial Complaint and the First Amended Complaint, other than the ultimate relief pled, was a substitution of description of the basis for disallowing discharge contained in paragraph 11 of the Complaint.

On March 6, 2006, the Plaintiffs filed the Second Amended Complaint Objecting to the Discharge of the Debtor (the "Second Amended Complaint"). The first eight paragraphs of the Second Amended Complaint are identical to the first eight paragraphs of the Complaint. The only differences between the two complaints are the conclusory paragraphs. In the Complaint, the Plaintiffs request that the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3) because the Debtor "concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information . . ." and should be denied pursuant to 11 U.S.C. § 727(a)(5) because the Debtor, at her 341 meeting, "failed to explain satisfactorily the loss [sic] assets or deficiency of assets to meet liabilities . . .".

In the Second Amended Complaint the four concluding paragraphs are replaced with one that alleges that "Debtor has engaged in false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial position," and that, consequently, Debtor's discharge should be denied under 11 U.S.C. § 523(a)(2).[1]

The Defendant/Debtor filed a Motion to Dismiss the Second Amended Complaint on two separate grounds. The first ground for dismissal is that the action is time barred. The Debtor acknowledges that the Complaint was timely filed, but argues that there can be no relation back between the Amended Complaint and the Complaint, and, since the Amended Complaint was filed eleven days after the statutory deadline to file the discharge action, the Amended Complaint, and, *ergo*, the Second Amended Complaint, are untimely. The second ground for dismissal is that the Second Amended Complaint failed to plead fraud with specificity as required by FED.R.CIV.P. 9(b).

### Relation Back and its limitations in dischargeability actions

■ FED.R.CIV.P. 15(c) made applicable to this adversary proceeding pursuant to FED. R. BANKR.P. 7015 provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ."

---

1. Although the Plaintiffs did not specify on which subsection they are relying, since paragraph 8 of the Second Amended Complaint repeats 11 U.S.C. § 523(a)(2)(A) verbatim, the Court will assume that 523(a)(2)(A) is the subsection upon which the Plaintiff is relying.

Rule 15(c) of the Federal Rules of Civil Procedure

is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statute of limitations than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the Defendant will not be deprived of any protection afforded by the statute of limitations.

3 James Wm. Moore, et al., Moore's Federal Practice, ¶ 15.15[2], at 15–145 (2d Ed.2005).

Debtor argues that, notwithstanding the language of FED.R.CIV.P. 15, an action objecting to the discharge of a debt pursuant to 11 U.S.C. § 523 can never relate back to an action seeking denial of discharge pursuant to 11 U.S.C. § 727. In support, Debtor cites to a myriad of cases, each of which sustained a motion to dismiss a section 523 action as untimely that was filed as an amendment to a section 727 action because "actions under § 727 are different from actions under § 523 as to the fact basis for the claim, the allegations, the type and measure of the burdens of proof, and the ultimate effect of a judgment in the plaintiff's favor." *First Nat'l Bank in Okeene v. Barnes*, 1992 WL 33251 (10th Cir.1992). *See also In re DiLoreto*, 277 B.R. 607, 610 (Bankr.E.D.Pa.2000) ("[I]f a creditor files a complaint which seeks a determination of non-dischargeability under 523(c), he will not be permitted to amend the complaint to add a claim under section 727(a) objecting to discharge, if leave to amend is first sought after the deadline for filing such complaints."). The tension cited in these cases arises due to the limitation periods imposed by FED. R. BANKR.P. 4004 and the recognition that, as

a general rule, there are substantial differences between the necessary allegations to sustain a cause of action arising under 11 U.S.C. § 523 and a cause of action arising under 11 U.S.C. § 727. *See Boan v. Damrill (In re Damrill)*, 232 B.R. 767 (Bankr. W.D.Mo.1999).

Plaintiffs counter that there are instances where courts have allowed the amendment of a complaint brought pursuant to one discharge section but later amended to object to, or seek denial of, discharge under a different statute section. *See, e.g., First City Bank v. Blewett (In re Blewett)*, 14 B.R. 840 (9th Cir. BAP 1981); *In re Kelley*, 46 B.R. 63 (Bankr.E.D.Va.1985); *Littlejohn v. Englund (In re Englund)*, 20 B.R. 957 (Bankr.E.D.Mich.1982); *In re Krank*, 84 B.R. 372 (Bankr.E.D.Pa.1988).

The fundamental holdings of these two lines of cases are not inconsistent. In each instance the court focused on whether the pleading, as amended, "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." *See Mayle v. Felix,* — U.S. ——, 125 S.Ct. 2562, 2572, 162 L.Ed.2d 582 (2005)("Relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims.").

In the instant action, the basic factual allegations of the Complaint, the First Amended Complaint and Second Amended Complaint are identical, and, accordingly, relation back of the First Amended Complaint and the Second Amended Complaint to the date the original Complaint was filed is appropriate. *See In re Kelley*, 46 B.R. at 67 (relation back of section 523 complaint to section 727 complaint was allowed where facts of original complaint were "identical in substance to the original complaint"); *In re Englund*, 20 B.R. at 960 (relation back of section 523(a)(4) complaint to section 523(a)(2) complaint

held permissible as "[t]he conduct of defendant required by this exception to discharge is identifiable within the allegations of the original complaint."); *In re Blewett*, 14 B.R. 840 (allowed relation back of amended complaint styled "objection to discharge", but actually seeking determination of dischargeability of debt, with identical allegations). *Cf. In re Damrill*, 232 B.R. at 773, n. 4 (Bankr.W.D.Mo.1999) (court recognized, although it distinguished, those cases where relation back was permitted because the substantive factual allegations of the original and amended complaints "could reasonably be grafted" and that the amended complaint contained "causes of action cognizable in bankruptcy").

Since the requirements of FED.R.CIV.P. 15(c) are satisfied, we turn to Debtor/Defendant's second ground to dismiss the Second Amended Complaint.

### Motion to Dismiss for Failure to Plead Fraud with Specificity

■ Debtor/Defendant argues that even if the Second Amended Complaint is not time barred, it should, nevertheless, be dismissed because the Plaintiffs failed to plead fraud "with particularity" as set forth in FED.R.CIV.P. 9, made applicable to this proceeding by FED. R. BANKR.P. 7009.

When reviewing a motion to dismiss, the court must assume as true all allegations of the complaint, and construe the alleged facts in the light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347 (11th Cir.1996), the Eleventh Circuit reviewed the District Court's affirmance of the Bankruptcy Court's dismissal of a section 523 complaint. In reversing the District Court, the Eleventh Circuit wrote that the District Court had imposed an unfair burden on the plaintiffs by imposing at the sum-

mary pleading stage, which tests the sufficiency of allegations, the burdens that are imposed at a "trial on the merits under the appropriate burden of proof." *Johannessen*, 76 F.3d at 349.

Citing *Conley*, the 11th Circuit outlined what a court must consider when determining whether to dismiss a complaint.

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

... The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim ... all the Rules require is a 'short and plain statement of the claim' that will give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Johannessen*, 76 F.3d at 349–350, citing *Conley*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

■ In *Johannessen*, the Eleventh Circuit held the elements required of a complaint seeking denial of a bankruptcy discharge under 11 U.S.C. § 523(a)(2)(A) are "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." *Johannessen*, 76 F.3d at 350.

There are cases that have held that where fraud is an element of a section 523(a)(2) complaint, fraud must be plead in accordance with FED.R.CIV.P. 9. *See, e.g., In Re Dawson*, 264 B.R. 13 (Bankr. N.D.Iowa 2001). While the *Johannessen* court didn't include pleading fraud with particularity, or even pleading fraud, as a

necessary element of a cause of action under section 523(a)(2)(A), the Court finds that, if this additional element is required, then nonetheless, for purposes of defeating a motion to dismiss, Plaintiffs did state with sufficient particularity the circumstances constituting the alleged fraudulent conduct for which Plaintiffs seek relief in the Second Amended Complaint.

The Court finds that, for purposes of defeating the Motion to Dismiss, the allegations of the Second Amended Complaint adequately address the four elements required by *Johannessen,* and while those allegations are not precise, the allegations certainly "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." [2]

**2.** If the Debtor/Defendant believes that she requires more specificity in order to answer the Second Amended Complaint, she may file a motion for more definite statement as contemplated by Fed.R.Civ.P. 12(e), made appli-

*Conclusion*

It is accordingly Ordered and Adjudged that the Motion to Dismiss is denied. The Debtor/Defendant shall have twenty (20) days from the date of this order to file an answer, unless prior to that time, and in accordance with the applicable rules, she files a motion for more definite statement or other responsive pleading not inconsistent with this Order.

cable to this proceeding by virtue of Fed. R.Bankr.P. 7012.